FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

2015 MAR 19  AM 9: 26

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ AD
            DEPUTY

WILLIAM MORELAND,
                    **Plaintiff,**

-vs-                                                              Case No. A-14-CA-982-SS

BARACK OBAMA et al.,
                    **Defendants.**

## O R D E R

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically the Report and Recommendation of United States Magistrate Judge Andrew W. Austin [#4]. Moreland did not file objections to the Report and Recommendation. Having considered the documents, the file as a whole, and the governing law, the Court now enters the following opinion and orders DISMISSING this action.

All matters in this case were referred to United States Magistrate Judge Andrew W. Austin for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Having granted Moreland leave to proceed *in forma pauperis* (IFP), the Magistrate Judge duly performed a review of his claims pursuant to 28 U.S.C. § 1915(e) and found they should be dismissed. Moreland is entitled to de novo review of the portions of the Magistrate Judge's report to which he filed specific objections. 28 U.S.C. § 636(b)(1). All other review is for plain error. *Starns v. Andrews*, 524 F.3d 612, 617



(5th Cir. 2008). Nevertheless, this Court has reviewed the entire file de novo, and agrees with the Magistrate Judge's recommendation.

## Background

Moreland, proceeding *pro se*, brings a "Civil Complaint of Negligence of Public Office, Constitutional Rights, Misrepresent Voters and Duties of Public Office and Fraud Threw[1] Deception" against Barack Obama and various public officials of the State of Michigan. Compl. [#1] at 2. Moreland's request for relief demands this Court issue an order remedying various social and political problems perceived by Moreland, including by ordering: "a salary cap of $39,000.00 dollars a year with free Medicial Benefits on all Public service employees"; "a stop to all Property Tax Collection that are not Commercial"; "a stop to the Buying and selling of Oil, Medicial, energy and Food supplies by Wall St. Millionaire Monopoly"; "an up dated Democracy for the Populace to Vote and create Legislation, Wars, Collection of Taxes, Pay Raises"; "Titles of Parties, Republic and Democrate or any other titles can not occupie seats in desion making that envolves action taken against the Populace, all action must benefit every ones interest"; and "a stop to Sovereign Immunity," among other actions he desires. Compl. [#1] at 8–9. Additionally, Moreland informs the Court if his "Demands Mention one (1) thur ten (10)" are not met, "I will Need $5,000,000.00 Dollars to Survive and Live under your Dictatorship." *Id.* at 9.

## Analysis

As Moreland is proceeding IFP, the Court must screen his complaint to determine if it is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i)–(ii). A complaint filed IFP may be dismissed as frivolous if it lacks an arguable

---

[1] [sic throughout all quotations from Moreland's complaint].

basis in law or fact, *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." *Deutsch v. United States*, 67 F.3d 1080, 1083 (3d Cir. 1995). A complaint is frivolous when the allegations are fanciful, fantastic, and delusional, or when they "rise of the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992). Dismissal under § 1915(e) may occur at any time, before or after service of process and before or after the defendant's answer. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986). Finally, while *pro se* complaints are liberally construed, *pro se* status does not offer a claimant "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. Mbank Hous. N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Magistrate Judge Austin sensibly points out that in all the ways Moreland's lawsuit lacks merit, perhaps the most obvious is the complaint should be dismissed for improper venue. The Court agrees. Venue is properly laid in three places:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Where the case is filed in an improper venue, "the district court . . . shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Here, none of the named defendants reside in the Western District of Texas. To the extent the Complaint alleges any actual events giving rise to Moreland's claims, such as they are, those events likely took place in Michigan, or perhaps Washington, D.C. Finally, Plaintiff has made no showing this Court may exercise personal jurisdiction over any of the named defendants. Venue is thus improper, and the Court finds it would not be in the interest of justice to transfer the case elsewhere.

Further, even if venue were properly laid, it is patently clear this action is frivolous. Moreland's allegations are fanciful, irrational, and incredible, and his claims are not worthy of serious consideration. Loosely, he appears to allege President Obama and the Michigan public officials have participated in a conspiracy to create a dictatorship by passing laws which regularly violate the constitutional rights of the citizenry. "By the Defendants action and abuse of Legislation cause more sickness, mental health problem, women and children on the street, families loosing there homes threw force tax collection caused by uncontroll spending, salaries and pention," for example. Compl. [#1] at 5. Additionally, "Defendants actions of Disclosure is like a commercial TV ad selling medication but leaving out the facts of could cause blindness, heart attacks, vomit, paralyse and in most cases death with only 10% of the Populace Benefiting with no Consequences of suffering. Dictated by Force." *Id.* at 4–5. This is nonsense, and need not be further evaluated. Dismissal is warranted.

## Conclusion

Accordingly,

      IT IS ORDERED that the Report and Recommendation of United States Magistrate Judge Andrew W. Austin [#4] is ACCEPTED; and

      IT IS FINALLY ORDERED that this action is DISMISSED WITHOUT PREJUDICE.

SIGNED this the 18th day of March 2015.

*/s/ Sam Sparks*
SAM SPARKS
UNITED STATES DISTRICT JUDGE